# UNITED STATES DISTRICT COURT
for the
## Eastern District of Kentucky
## Frankfort Division

| | | |
|---|---|---|
| Timothy Stewart | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Trans Union, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| The Prentice Hall Corp. System | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1.      This is a complaint for damages for Defendant Trans Union, LLC ("Trans Union")'s violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2.      Like many of his fellow Americans, Plaintiff Timothy Stewart was hurt by the great economic recession that began in 2008. As a result of the economic crisis, Mr. Stewart fell behind on some of his debts and defaulted on some of these, including a Best Buy branded credit card debt originated by HSBC Bank Nevada, N.A. ("HSBC"). After default and charge off, HSBC sold and assigned the Best Buy credit card debt to LVNV Funding, LLC ("LVNV") for pennies on the dollar. LVNV routinely uses Kentucky courts as a vehicle to collect debts from Kentucky consumers by filing suit and hoping to turn junk debt into super debt by getting a default judgment against the consumer defendant. A judgment allows the judgment creditor to put a lien on all of the judgment debtor's real property and to garnish the judgment debtor's wages and bank accounts, thereby coercing payment. A judgment also greatly extends the statute of limitations for legal enforcement of a debt.

3.      In keeping with this practice, LVNV, as HSBC's assignee, sued Mr. Stewart in Anderson District Court, then moved for and was granted a default judgment against him.

4.      Thereafter Defendant Trans Union on its own volition learned of LVNV's judgment against Mr. Stewart and began reporting it on his credit report.

5.      Mr. Stewart weathered the financial storm and was later able to pay off the judgment in full. LVNV filed a notice of satisfaction of judgment in its case on August 15, 2016.

6.      Subsequently Trans Union failed to update Mr. Stewart's consumer credit report to reflect that the LVNV judgment had been satisfied. As a result, Trans Union published inaccurate credit information concerning Mr. Stewart and the LVNV judgment. In particular, Trans Union inaccurately published to its users and subscribers that the LVNV judgment remained unsatisfied with a positive balance still due.

7.      As a result of the inaccurate credit information published by Trans Union, Mr. Stewart was denied credit and had to pay more for credit than he would have had Trans Union published accurate information about him and the LVNV judgment.

8.      Upon information and belief, Trans Union uses an automated and systematic procedure to gather and report derogatory civil judgments in consumer reports that it furnishes to users of its consumer reports. But Trans Union does not follow similar systematic procedures to gather information from the same courts when civil judgments are satisfied, vacated, or appealed. Trans Union's failure to use the same care in updating information on judgments that it uses in initially gathering information about judgments results in materially false and inaccurate negative credit information concerning satisfied, vacated, or non-final judgments being published concerning numerous Kentucky consumers to users of Trans Union's consumer credit reports.

## JURISDICTION AND VENUE

9.      Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Anderson County, Ky., which is located within this District.

## PARTIES

10.      Plaintiff Timothy Stewart is a natural person who resides in Anderson County, Ky. Mr. Stewart is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

11.      Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

12. As a result of the great economic recession of 2008, Mr. Stewart suffered economic harm and loss through no fault of his own.

13. Mr. Stewart's financial woes caused him to fall behind and default on some of his debts and obligations, including a Best Buy branded credit card debt originated by HSBC Bank Nevada, N.A. ("HSBC").

14. HSBC charged off Mr. Stewart's account and sold the resulting debt to LVNV for pennies on the dollar.

15. On June 23, 2011, LVNV filed a lawsuit against Mr. Stewart in the Anderson District Court of Anderson County, Kentucky under case number 11-C-00252 in an attempt to collect the Best Buy credit card debt (the "State Court Lawsuit").

16. LVNV later moved for and was granted a default judgment against Mr. Stewart in the State Court Lawsuit (the "Default Judgment"), which was entered of record on August 26, 2011.

17. LVNV garnished Mr. Stewart's wages pursuant to the Default Judgment.

18. Mr. Stewart eventually paid off the Default Judgment in full.

19. LVNV filed a notice of satisfaction of record in the State Court Lawsuit on August 15, 2016 (the "Satisfaction"), which deemed the Default Judgment satisfied and the HSBC debt paid in full.

20. The filed Satisfaction in the State Court Lawsuit is a public record that is freely and readily available to all.

21. On February 14, 2017, Mr. Stewart applied for a home loan with Prime Mortgage Lending, Inc.

22. Prime Mortgage denied Mr. Stewart's loan application based on information in his credit report.

23. After the loan application was denied, Mr. Stewart reviewed his tri-merged credit report that Prime Mortgage used in evaluating his application.

24. To his great frustration and dismay, Mr. Stewart discovered that Trans Union was still reporting that the LVNV Default Judgment remained unsatisfied and was still due and owing.

-3-

25.     The inaccurate credit information published by Trans Union concerning the LVNV judgment played a substantial factor in the denial of Mr. Stewart's credit application.

26.     Even though the LVNV Default Judgment was satisfied, Trans Union willfully, or recklessly or negligently failed to update the information it reported, and continues to report, on Mr. Stewart's consumer credit report, to accurately reflect that the LVNV judgment had been satisfied.

27.     As a result of the inaccurate credit information reported by Trans Union due to its willful, reckless, or negligent failure to maintain reasonable procedures to assure maximum possible accuracy, Mr. Stewart was denied credit and financing, or received credit on less favorable terms, because of inaccurate credit information published by Trans Union in connection with the LVNV Default Judgment. In particular, Trans Union falsely and incorrectly published to one or more of its subscribers and users of its consumer reports that the LVNV Default Judgment was unpaid and unsatisfied and that a positive balance was still owed on the LVNV Default Judgment.

28.     Trans Union's reporting that the LVNV Default Judgment was unpaid and unsatisfied was inaccurate and violated 15 U.S.C. § 1681e(b). Trans Union failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Stewart's credit reports and credit files it publishes and maintains concerning Mr. Stewart. If Trans Union had reasonable procedures in place, Trans Union would have discovered that LVNV had filed the Satisfaction *before* publishing Mr. Stewart' credit report to its subscribers and users of its consumer reports in connection with Mr. Stewart' loan and credit applications.

29.     Trans Union failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Mr. Stewart and the LVNV Default Judgment.

30.     Upon information and belief, Trans Union has a routine, systematic procedure to carefully gather and report derogatory judgments and judgment liens entered against consumers in the consumer reports that it furnishes to users of their consumer reports, but Trans Union does not have routine, systematic procedures to gather and report information from the same courts for judgments and judgment liens when they become paid and released and to assure maximum possible accuracy.

31.     Trans Union willfully, recklessly, or negligently failed to use and maintain the necessary procedures to assure maximum possible accuracy of the public-record information section of Mr. Stewart's consumer credit reports that it published to third-party users and subscribers. Consequently, Trans Union reported materially false and inaccurate negative credit information concerning Mr. Stewart's paid and satisfied LVNV Default Judgment *i.e.* Trans Union falsely reported that the LVNV Default Judgment remained unsatisfied and due and owing *after*

entry of a satisfaction of judgment in the state-court collection case.

## CLAIMS FOR RELIEF

32.     Plaintiff Timothy Stewart restates each of the allegations in the preceding paragraphs as if fully set forth herein.

33.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Stewart and the satisfied LVNV judgment.

34.     Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Trans Union was on clear notice that the failure to update public records with respect to judgments was problematic for Trans Union. Other lawsuits raising the same issue has been filed against Trans Union in this and other jurisdictions for the same failure.

35.     In the alternative, Trans Union's conduct, actions and inactions were reckless or negligent rendering Trans Union liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Timothy Stewart requests that the Court grant him the following relief:

1.     Award Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n;

2.     Award Plaintiff actual damages against under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

3.     Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

4.     Award Plaintiff Attorney's fees, litigation expenses and costs;

5.     A trial by jury; and

6.      Any other relief to which Plaintiff may be entitled.


                         Respectfully submitted,

                         /s/ James R. McKenzie
                         **James R. McKenzie**
                         **J. Hays Lawson**
                         *Credit Defense Attorneys, PLLC*
                         115 S. Sherrin Avenue, Suite 4
                         Louisville, KY 40207
                         Tel:    (502) 371-2179
                         Fax:    (502) 257-7309
                         james@creditdefenseky.com
                         hays@creditdefenseky.com